UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| David M. Klein, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 6:08-CV-00883-LSC |
| ] | |
| MICHAEL J. ASTRUE, ] | |
| Commissioner, ] | |
| Social Security Administration, ] | |
| ] | |
| Defendant. ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The plaintiff, David M. Klein, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Mr. Klein timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Klein was thirty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has at least a high school education

(two years of college). (Tr. at 200.) He has past work experience as a recreation aide, a military store keeper, a forklift operator, a material handler, and an office equipment servicer. (*Id*.) He originally alleged he became disabled on December 31, 2001, but later amended his alleged onset date to December 5, 2003. (*Id*. at 193.) Plaintiff claims disability due to a combination of impairments: lumbar disc herniations with radiculopathy, chronic obstructive pulmonary disease (COPD), and depression. (*Id*. at 195.)

At the hearing, the ALJ found that Mr. Klein was insured for purposes of Social Security disability insurance through December 31, 2005. (Tr. at 193.) In order to be eligible for DIB, a claimant must have disability insured status coverage in the quarter in which he became disabled. *See* 20 C.F.R. § 404.131.

When evaluating the disability of individuals over the age of 18, the regulations prescribe a five-step process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a), 416.920(a). If he is,

the claimant is not disabled and the evaluation stops. *Id.* If he is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. *Id.* These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). The decision depends on the medical evidence in the record. If the claimant's impairments are not severe, the analysis stops. *Id.* Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments fall within this category, he will be found disabled without further consideration. *Id.* If they do not, the analysis proceeds to the fourth step.

The fourth step requires a determination of whether the claimant's impairments prevent him from returning to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still do his past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the

fifth step. *Id*. Step five requires the Court to consider the claimant's residual functional capacity ("RFC"), as well as the claimant's age, education, and past work experience in order to determine if he or he can do other work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can do other work, the claimant is not disabled. *Id*.

Applying the sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. at 195.) His impairments are considered "severe" in combination based on the requirements set out in the regulations, but the ALJ did not find that the medically determinable impairments meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (*Id*. at 195-97.) The ALJ did not find Plaintiff's allegations to be totally credible and determined that he has the residual functional capacity to:

> perform a wide range of sedentary work, lifting up to 10 pounds or less, walking 20 minutes at a time, standing 15 minutes at a time, and sitting one hour at a time.

(*Id*. at 197.) Additionally, he found that Mr. Klein is unable to perform any

of his past relevant work, that he is a "younger individual age 18-44," and that he has a "at least a high school education (two years of college) and is able to communicate in English." (*Id*. at 200.) The ALJ determined that transferability of skills from any past relevant work was immaterial. (*Id*. at 201.) Based upon these findings, he concluded that Plaintiff has the residual functional capacity to perform "representative sedentary, unskilled occupations." (*Id*. at 201.) The ALJ relied on the testimony of the vocational expert to find that although Mr. Klein's exertional limitations prevent him from performing the full range of light work, there are a significant number of jobs in the national economy that he can perform. (*Id*.) Finally, the ALJ concluded that Plaintiff "was not under a disability as defined in the Social Security Act, from December 5, 2003, the alleged onset date, through December 31, 2005, the date last insured." (*Id*. at 202 (internal citation omitted).)

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support

the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the

reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion.

Mr. Klein filed the instant action for judicial review in this Court on May 20, 2008. (Doc. 1.) *See* 42 U.S.C. § 405(g). He claims the ALJ's adverse decision should be reversed for three reason. First, he believes the ALJ's finding that Plaintiff's impairments do not meet Listing 1.04 is not based upon substantial evidence or proper legal standards. (Doc. 8 at 9.) Second, Plaintiff claims the ALJ's failure to credit his subjective complaints of pain is not based upon substantial evidence or the proper legal standards. (*Id*. at 10.) Third, Plaintiff claims the ALJ failed to follow SSR 96-9p. (*Id*. at 13.)

    A. Listing 1.04.

Plaintiff claims the ALJ should have determined Plaintiff's injuries meet Listing 1.04 in consideration of the evidence and the proper legal standards. (Doc. 8 at 9.) This listing states, in relevant part,

> 1.04 Disorders of the spine..., resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. Plaintiff offers no specific evidence of nerve root compression in his brief, but such evidence is found in the ALJ's ruling and in the record. (Tr. at 140-43, 197.) In addition, Plaintiff argues that he has been diagnosed with two ruptured discs, positive leg raising, muscle weakness, decreased reflexes, and severe chronic pain. (Doc. 8 at 9.) Plaintiff also claims the ALJ is "playing doctor," basing his analysis on "irrelevant" findings, and ignoring more recent diagnoses. (*Id.* at 10.)

The ALJ found that the requirements for Listing 1.04 are not demonstrated by the record. (Tr. at 197.) The ALJ noted that Plaintiff had no weakness and minimal tenderness in the lower back in November 2003. (*Id.*) In addition, Plaintiff was found to have improved leg pain, no

weakness or acute distress, normal standing and walking, "probably greater than normal strength in all muscle groups" of the legs and arms, negative straight leg raising in both legs, and intact reflexes in January 2004. (*Id.*) In June, 2005, Plaintiff had a positive straight leg raising test for his left leg at 90 degrees (which the ALJ considered normal), retained 4/5 motor strength in that leg, had a normal sensory examination, and was in "no obvious distress." (*Id.*)  In February 2007, fourteen months after the last date Plaintiff was insured, Plaintiff had little to no atrophy, only slightly diminished pinprick sensation on the left side, and was able to squat and arise and walk on his heels and toes. (*Id.*)

The Commissioner argues the ALJ was correct in his analysis of the medical evidence and in his finding that several required medical findings of Listing 1.04 are not supported by the record. (Doc. 9 at 8.) The Commissioner also argues that there was no specific finding of nerve root compression in the 2007 examination. (*Id.*) The Commissioner further states that the medical records do not support finding the presence of all of the required additional characterizations of Listing 1.04. (*Id.* at 9.)

The alleged "irrelevant" findings utilized by the ALJ (ability to squat, arise, and walk on his heels and toes) go to the Listing 1.04-required characteristic of "limitation of motion of the spine," a characteristic Plaintiff offers no evidence to demonstrate. There is evidence of nerve root compression, but evidence of other required characteristics is inconsistent or insufficient. All of the characteristics listed in Listing 1.04 are required for an individual to be found to meet the listed impairment and to be considered presumptively disabled. *Wilson v. Barnhart*, 284 F.3d at 1219. Not all of the required characteristics are sufficiently demonstrated by the record.

For these reasons, the ALJ had good cause to find that Plaintiff did not meet or medically equal the Listing 1.04 impairment.

B.   Pain Standard.

Plaintiff next claims that the ALJ's failure to credit his subjective complaints of pain is not based upon substantial evidence or the proper legal standard. (Doc. 8 at 10.) Plaintiff further claims that his testimony should be accepted as true as a matter of law and that, as a result, the case should

be reversed and benefits awarded.  (*Id*. at 13.)

The Eleventh Circuit pain standard is stated in *Wilson v. Barnhart* as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

284 F.3d 1219, 1225 (11th Cir. 2002), (citing *Holt*, 921 F.2d at 1223).  The Eleventh Circuit has also held that if the, "ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Id*. (*citing Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).  In assessing the credibility of a claimant's statements, the ALJ is to consider several relevant factors in addition to the medical evidence.  These are,

> (i) (Claimant's) daily activities;
>
> (ii) The location, duration, frequency, and intensity of(claimant's) pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication (claimant) take(s) or (has) taken to

alleviate...pain or other symptoms;

(v) Treatment, other than medication, (claimant) receive(s) or (has) received for relief of...pain or other symptoms;

(vi) Any measures (claimant) use(s) or (has) used to relieve...pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning (claimant's) functional limitations and restrictions due to pain or other symptoms.

20 CFR 404.1529(c)(3).

After a thorough analysis of the record, the ALJ found that,

[T]he claimant's medically determinable impairments could have been reasonably expected to produce some of the alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. at 199.) In his analysis, the ALJ noted several factors listed in 20 CFR 404.1529(c)(3).

Plaintiff claims that he does "basically nothing" and that he lies down about half of the day and has difficulty sleeping. (Tr. at 198.) He first claimed left buttock and leg pain in late November 2003, eventually

having an MRI in December 2003 that showed disc herniation and free fragment. (*Id.* at 199.) Plaintiff reported a worsening of pain in June 2005 and now claims to be in average 7/10 pain. (*Id.* at 198-200.) Nonetheless, the ALJ noted that Plaintiff did not display a significant level of pain during either of two one-hour hearings, in May 2005 and May 2007. (*Id.* at 200.)

The ALJ found Plaintiff's lack of treatment especially persuasive. Symptoms that can be relieved or controlled through surgery, treatment, or medication cannot be considered disabling. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1998). Plaintiff testified that he did not want to take pain medications, in part because of the risk of addiction, but also that he had taken his mother's pain medication on at least one occasion with good results. (Tr. at 199.) He found over-the-counter Excedrin to offer little help in 2005, but also reported good results with anti-inflammatories in early 2004, particularly with his leg pain. *Id.* Doctors recommended epidural steroid injections and/or surgery in January 2004 and June 2005. (*Id.* at 199-200.) Plaintiff claimed a fear of surgery, but also never had any physical therapy or epidural steroid

injections.  (*Id.* at 199.)  Plaintiff also failed to seek a second opinion, as recommended by his primary physician, regarding back surgery.  *Id*.  The ALJ noted, "There is no documentation of any treatment [after June 2005] for the alleged severe pain." (*Id.* at 200.)  The ALJ discounted Plaintiff's fears of addiction for pain medication because he admitted taking his mother's medicine and discounted Plaintiff's claim of inability to pay for treatment due to Plaintiff's taking other prescription medication, continued smoking, and car ownership.  (*Id.* at 199-200.)  Failure to follow prescribed treatment that could restore the ability to work, without good reason, is a valid reason to deny benefits.  *Lucas v. Sullivan,* 918 F.2d 1567, 1571 (11th Cir. 1990).  In light of the near-complete lack of treatment, despite his doctors' recommendations, and the successful results of medication when he did take them, the ALJ concluded,

> If the claimant was in severe pain, one would expect him to at least continue to take the anti-[in]flammatories from which he had previously experienced good result regarding his pain, or perhaps other pain medications that were not addictive.  A reasonable conclusion is that the claimant was not in severe pain.

*Id.*

For the above stated reasons, this Court is of the opinion that the ALJ did correctly apply the Eleventh Circuit pain standard in this case. *Wilson,* 284 F.3d at 1225. The ALJ was justified in not fully crediting Plaintiff's subjective complaints of pain in light of the evidence in the record.

    C.    SSR-96 9p.

Finally, Plaintiff claims the ALJ failed to follow SSR 96-9p. (Doc. 8 at 13.) Plaintiff argues that SSR 96-9p states that a limited residual functional capacity results in the claimant's inability to perform "substantially all of the occupations" that would be available, thus significantly eroding the occupational base. *Id.* Furthermore, Plaintiff claims that, "If the unskilled sedentary occupational base is eroded to a significant degree, a finding of disability is appropriate." (*Id.* at 13-14.) Plaintiff goes on to claim that he had significant limitations which eroded his occupational base. (*Id.* at 14.) He claims that the vocational expert refused to address the issue of erosion because the VE could name jobs the plaintiff could perform given the reduced range of sedentary work.

*Id.* Plaintiff further argues that the cumulative effect of his limitations should have resulted in a conclusion that a significant number of jobs do not exist that he could perform. *Id.*

SSR 96-9p(1) states that, "An RFC for less than a full range of sedentary work reflects a very serious limitation resulting from an individual's medical impairment(s) and is expected to be relatively rare." Nonetheless, SSR 96-9p(2) states,

> [A] finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.

Section 2 clearly states that, if there is still significant work in the national economy, a reduced occupational base alone does not justify a decision of "disabled."

In concluding that there were jobs that existed in significant numbers in the national economy that the claimant could have performed, the ALJ followed both the Social Security Rulings and the

advice of a vocational expert.  The ALJ noted, "claimant's ability to perform all or substanitally all of the requirements...was impeded by additional limitations."  (Tr. at 201.)  The ALJ asked the VE whether a significant number of jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and RFC.  *Id*.  The VE responded by stating Plaintiff could perform the requirements of representative sedentary, unskilled occupations such as tester of electronic components, rotor assembler, and final assembler.  *Id*.  Furthermore, the VE testified that these occupations existed in significant numbers both in the national economy and in the regional economy.

Considering the results of the Vocational Expert's testimony in consideration of Plaintiff's limitations, the ALJ correctly assessed Plaintiff's RFC, occupational base, and work prospects and correctly applied SSR 96-9p.

This Court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record.  Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and

is supported by substantial evidence.  The ALJ did not err when he concluded that Mr. Klein is not disabled.

IV.   Conclusion.

Upon review of the administrative record, and considering all of Mr. Klein's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this <u>10th</u> day of <u>August 2009</u>.

                                                                   _____
                                                                               L. SCOTT COOGLER
                                                                   UNITED STATES DISTRICT JUDGE
                                                                                             153671